This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**RICHARD ALLEN BARRERAS,**
**Defendant-Appellant.**

Docket No. A-1-CA-37625
COURT OF APPEALS OF NEW MEXICO
May 31, 2019

APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY, Freddie J. Romero, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR: J. MILES HANISEE, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals his conviction for criminal sexual penetration (force or coercion). This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends there was insufficient evidence for (1) lack of consent of Victim, who "appeared to consent," as well as (2) penetration, as Victim's testimony was unclear as to when Defendant inserted a finger. [MIO 1] Defendant also argues it was prosecutorial misconduct to state that Victim woke up with a finger inside her, when the testimony was unclear as to whether she was awake when it happened. [MIO 1]

**{3}** Defendant has not asserted any facts, law, or argument persuading us that his interpretations of consent are correct, and we see no reason to change the conclusions we proposed based on the statutory and legal standards of consent laid out in our calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent Defendant continues to argue that the alleged victim "did not know when he inserted his finger," we remain unpersuaded that such a nuance in timing would affect his conviction. [MIO 4] Regarding Defendant's prosecutorial conduct argument, Defendant argues in the memorandum in opposition that any mischaracterization by the prosecution in closing would be fundamental error as "a crime did not occur" unless Victim was asleep when he penetrated her. [MIO 5] We reiterate that it was a reasonable characterization based on the testimony that Victim woke up with Defendant rubbing her vagina and inserted a finger, and we remain unpersuaded that the comment rises to fundamental error. [CN 4, 7]

**{4}** Based on the foregoing, we affirm.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**